In the Matter of EUGENE MANFREDONIO, Petitioner, against NEW YORK TELEPHONE COMPANY, Respondent. ■

Supreme Court, Westchester County, October 23, 1944.

*Paul Crames* for petitioner.

*Irving W. Young* and *Ralph W. Brown* for respondent.

DAVIS, J. This is an application under article 78 of the Civil Practice Act for an order directing the respondent to restore petitioner's private telephone service. The service was discontinued and the telephone removed by the respondent acting upon the request of the Mount Vernon Police Department which informed it that the telephone was being used for gambling and book-making.

The first question is: Had the telephone company the right to act upon the request of the Police Department without an independent investigation of its own? The court holds that it

was the duty of the respondent to so act, otherwise it might well run the risk of becoming a party to criminal activities and also because sound public policy requires it in the first instance to aid the authorities in their efforts to enforce the law. The Police Department refuses to rescind its request and the respondent declines to restore the service without such rescission or by order of the court. In this stand the court holds that the telephone company is within its rights.

Telephone service, at one time a luxury, has today become a necessity. The Police Department should not interfere with a subscriber's service unless it acts with reason. Before it may act in this respect it must be prepared to support its action by evidence that the subscriber has used his telephone for unlawful purposes. Ordinary justice dictates to the court that the petitioner has the right to speedily inquire as to the reasons underlying the discontinuance of his service. Article 78 provides for such a speedy determination.

The affidavits presented upon this application indicate that though petitioner's telephone service was discontinued on August 18, 1944, no action has been taken by the Police Department since requesting such discontinuance It also appears that with legal authority the telephone line in question was tapped from which, during a portion of two successive days, evidence was secured of the placing of horse-racing bets over the petitioner's telephone. This the latter denies. The affidavits are not satisfactory as to petitioner's knowledge of any unlawful use of his telephone. In such a situation oral testimony should be taken. An order will be presented, on notice, referring the matter to an official referee to hear and report.